## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

      v.                             **Case No. 14-20066-03-JAR**

                                      **Case No. 16-2804-JAR**

JOSE MENERA-ALVAREZ,

      Defendant/Petitioner.

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jose Menera-Alvarez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 166).  Petitioner asks the Court to reduce his sentence under Amendment 794 of the United States Sentencing Commission Guidelines Manual.  The Government has responded (Doc. 169) and Petitioner has replied (Doc. 171).  For the reasons explained in detail below, the Court enforces the waiver in the plea agreement and dismisses Petitioner's motion.

I.      **Procedural and Factual Background**

On August 6, 2014, Petitioner was charged with conspiracy to possess with the intent to distribute more than 500 grams of a mixture containing methamphetamine, and aiding and abetting, knowingly and intentionally possessing with the intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine.[1]  Petitioner moved to suppress evidence and statements as well as to compel the Government to produce *Giglio* evidence with respect to co-conspirators and Government witnesses against him at trial.[2]

---

[1] Doc. 22.

[2] Docs. 53, 54.

The Government responded to the motions and an evidentiary hearing was set for May 14, 2015.

The day of the hearing, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement,

Petitioner pled guilty to an Information charging him with aiding and abetting co-defendant

Gilberto Cano-Bahena in possessing with the intent to distribute five grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.[3]

As set forth in the plea agreement, Petitioner agreed to waive his right to appeal or

collateral attack:

> **<u>Waiver of Appeal or Collateral Attack.</u>**  The Defendant knowingly and
> voluntarily waives any right to appeal or collaterally attack any matter in
> connection with this prosecution, the Defendant's conviction, or the components
> of the sentence to be imposed herein, including the length and conditions of
> supervised release.  The Defendant is aware that Title 18, U.S.C. § 3742 affords a
> Defendant the right to appeal the conviction and sentence imposed.  By entering
> into this agreement, the Defendant knowingly waives any right to appeal a
> sentence imposed which is within the guideline range determined appropriate by
> the court.  The Defendant also waives any right to challenge a sentence or
> otherwise attempt to modify or change his sentence or manner in which it was
> determined in any collateral attack, including, but not limited to, a motion brought
> under 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237
> F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. §
> 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).  In other
> words, the Defendant waives the right to appeal the sentence imposed in this case
> except to the extent, if any, the court departs upwards from the applicable
> sentencing guideline range determined by the court. . . Notwithstanding the
> forgoing waivers, the parties understand that the Defendant in no way waives any
> subsequent claims with regards to ineffective assistance of counsel or
> prosecutorial misconduct.[4]

In anticipation of sentencing, the United States Probation Office prepared a Presentence

Investigation Report ("PSR"), in which Petitioner was assessed with a base offense level of 32

under U.S.S.G. § 2D1.1 and a three-level reduction for acceptance of responsibility.[5]

Petitioner's total offense level was 29 with a criminal history category III, with a resulting

---

[3]Docs. 60, 64.

[4]Doc. 64 at 8–9.

[5]Doc. 98 at 10.

Guidelines range of 108 to 135 months.[6]  Petitioner then moved to withdraw his plea, which the

Court denied.[7]  On August 13, 2015, the Court sentenced Petitioner to 100 months' custody, in

accordance with the plea agreement.[8]

Petitioner filed a direct appeal to the Tenth Circuit Court of Appeals, which upheld the

Court's denial of his motion to withdraw the Rule 11(c)(1)(C) plea agreement.[9]  This timely

§ 2255 motion followed.

## II.    Discussion

### A.  Waiver of Collateral Challenges

Petitioner claims that the Court should reduce his sentence under Amendment 794 to the

Sentencing Guidelines, which became effective November 1, 2015.  The waiver of collateral

challenges in the plea agreement, however, bars Petitioner's claim.

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a

sentence is generally enforceable.[10]  The court applies a three-pronged analysis to evaluate the

enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the

waiver; (2) whether the defendant knowingly and voluntarily waived her rights; and (3) whether

enforcing the waiver would result in a miscarriage of justice.[11]

To determine whether the disputed issue falls within the scope of the waiver, the court

begins with the plain language of the plea agreement.[12]  The court construes the plea agreement

---

[6]*Id.* at 14.

[7]Doc. 89.

[8]Doc. 112.

[9]*United States v. Menera-Alvarez*, 663 F. App'x 635 (10th Cir. 2016).

[10]*United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

[11]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

[12]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.

according to contract principles and based on what the defendant reasonably understood when she entered the plea.[13]  The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[14]  In this case, because Petitioner's claim that the Court did not correctly calculate his Guidelines range does not allege ineffective assistance of counsel or prosecutorial misconduct, it falls within the scope of the broad waiver in the plea agreement.

To ascertain whether Petitioner knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea agreement and the plea colloquy.[15] This Court conducted a thorough inquiry at the plea hearing.  At that time, Petitioner affirmed that he understood the charge against him, the five-year mandatory minimum sentence, the maximum prison term of  40 years in prison, the rights that he was waiving, and the factual basis of his plea.  Petitioner acknowledged that he understood the waiver of appeal and collateral challenges, that his plea was freely and voluntarily given, that no one had forced or threatened him to enter the plea and that he was entering the plea because he was in fact guilty as charged. Nothing in the record suggests that Petitioner's plea or waiver of post-conviction rights was unknowing or involuntary.  Moreover, the Tenth Circuit Court of Appeals rejected Petitioner's claim on direct appeal that this Court abused its discretion by denying his request to withdraw his plea.[16] Accordingly, the language of the plea agreement and the Rule 11 colloquy established that Petitioner's waiver of his rights was knowing and voluntary.

---

[13]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004).

[14]*Hahn*, 359 F.3d at 1343.

[15]*Id.* at 1325.

[16]*United States v. Menera-Alvarez*, 663 F. App'x 635 (10th Cir. 2016).

The Court must also "determine whether enforcing the waiver will result in a miscarriage of justice."[17]  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.[18]  Petitioner bears the burden of demonstrating that the waiver results in a miscarriage of justice.[19]

The Court finds enforcement of the waiver does not implicate any of the four factors listed above.  In particular, because Petitioner received a sentence of 100 months in prison, which is outside the Guidelines range of 108 to 135 months, any reduction under Amendment 794 based on a minimal role in the offense would not have altered his actual sentence.  Thus, the Court finds that enforcing the waiver as to Petitioner's claim will not result in a miscarriage of justice.

**B.  Substantive Merit of Petitioner's Claim**

Petitioner's claim also lacks substantive merit.  He argues that he is entitled to reduction of his offense level as a minor or minimal participant in light of Amendment 794's clarification to U.S.S.G. § 3B1.2.  The amendment provides additional guidance to district courts in determining when a mitigating role adjustment applies under § 3B1.2.[20]  Specifically, Amendment 794 added commentary that Guideline as follows:

**Fact-Based Determination—**The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment is based on the totality of the

---

[17]*Id.* at 1327.

[18]*Id.*

[19]*Anderson*, 374 F.3d at 959.

[20]*See* Amendment 794, Supp. to App. C (Nov. 1, 2015).

circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i)      the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)     the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts of the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.  Such a defendant may receive an adjustment under this if he or she is substantially less culpable than the average participant in the criminal activity.[21]

Petitioner argues for the retroactive application of Amendment 794, which was issued after he was sentenced.  Petitioner's reliance on the decision of the Ninth Circuit Court of Appeals in *United States v. Quintero-Leyva*[22] is misplaced.  In that case, the court determined that Amendment 794 was a clarifying amendment that "applies retroactively to direct appeals."[23] *Quintero-Layva*, however, did not determine that Amendment 794 applies retroactively to cases on collateral review.  Petitioner's § 2255 motion seeks collateral review of his sentence; it is not

---

[21]U.S.S.G. § 3B1.2, cmt. 3(C).

[22]823 F.3d 519 (9th Cir. 2016).

[23]*Id.* at 523.

a direct appeal.  As noted, Petitioner's appeal of his unsuccessful attempt to withdraw his plea was affirmed.  Because no court has concluded that Amendment 794 applies to cases on collateral review, Petitioner is not entitled to relief.[24]  Further, only those amendments that are explicitly enumerated in 18 U.S.C. § 3582(c)(2) are deemed to be retroactive.[25]  Amendment 794 is not such an enumerated amendment.[26]

For these reasons, the Court concludes that Petitioner has waived his right to any collateral challenge of his sentence.  Amendment 794 has not been made retroactively applicable to cases on collateral review, only cases on direct appeal.  Moreover, there was no factual support for applying a minor role adjustment before the Court at the time of sentencing. Accordingly, Petitioner's motion is denied and this case is dismissed.

### *Certificate of Appealability*

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[27]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[28]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of

---

[24]*See United States v. Aikman*, No. 09-10097-JTM, 2016 WL 7210721, at *1 (D. Kan. Dec. 13, 2016) (citation omitted).

[25]U.S.S.G. § 1B1.10(a)(2); *see United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993).

[26]*See United States v. Harrison*, No. 12-CR-0016-CVE, 2016 WL 6310768, at *2 (N.D. Okla. Oct. 27, 2016).

[27]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[28]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

frivolity or the existence of mere good faith."[29]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[30]  For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Jose Menera-Alvarez's Motion to Correct and  Modify his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 166) is DENIED and the waiver of collateral attack is enforced.  Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: March 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[29]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[30]*Id.* at 336; s*ee also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).